1 Paul Swen Prior
Nevada Bar No. 9324
2 Charles E. Gianelloni
Nevada Bar No. 12747
3 SNELL & WILMER L.L.P.
3883 Howard Hughes Parkway, Suite 1100
4 Las Vegas, Nevada 89169
Telephone: 702.784.5200
5 Facsimile: 702.784.5252
Email: sprior@swlaw.com
6 Email: cgianelloni@swlaw.com

7 *Attorneys for Plaintiff*
*BOA Technology, Inc.*
8

9                    UNITED STATES DISTRICT COURT

10                         DISTRICT OF NEVADA

11 BOA TECHNOLOGY, INC.,

12                    Plaintiff,                    Case No.

13 vs.                                             **COMPLAINT FOR PATENT
                                                    INFRINGEMENT**
14 NORTHWAVE S.R.L., and
HAWLEY, LLC,                                        **JURY TRIAL DEMANDED**
15

16                    Defendant.

17

18        Plaintiff Boa Technology, Inc., by and through its attorneys, brings this Complaint for

19 patent infringement of United States Patent Nos. 5,934,599 and 6,202,953, and alleges as follows:

20                                    **PARTIES**

21        1.      Plaintiff Boa Technology, Inc. ("Boa") is a corporation incorporated under the

22 laws of the State of Delaware, with its principal place of business at 3459 Ringsby Court, Suite

23 300, Denver, CO 80216.

24        2.      Defendant Northwave S.r.l. ("Northwave") is an Italian company with its principal

25 place of business at Via Levada, 145, 31040 Onigo di Pederobba, Treviso, Italy.

26        3.      Defendant Hawley, LLC ("Hawley") is a company incorporated under the laws of

27 the State of South Carolina, with its principal place of business at 1181 South Lake Drive,

28 Lexington, SC 29073. Hawley's West Coast Distribution Center, one of two distribution centers

19906119

1   Hawley maintains in the United States, is located in this District at 650 Vista Boulevard, Sparks,

2   NV 89434.   Upon information and belief, Hawley is the sole and official distributor for

3   Northwave products in the United States, including the specific infringing products at issue in this

4   Complaint.

5                              **JURISDICTION AND VENUE**

6        4.      Boa brings this civil action for patent infringement pursuant to the Patent Laws of

7   the United States, 35 U.S.C. § 1 *et. seq.*  This Court has subject matter jurisdiction over this

8   action pursuant to 28 U.S.C. §§ 1331 and 1338.  Venue is proper in this district under 28 U.S.C.

9   §§ 1391 and 1400(b).

10       5.      This Court has personal jurisdiction over Defendants because Northwave and

11  Hawley have purposefully availed themselves of the privilege of conducting business within the

12  State of Nevada and this District and have invoked the benefits and protections of the laws of the

13  State of Nevada.   Each Defendant regularly conducts business within this District and each

14  Defendant has committed acts of patent infringement within this judicial district, including but

15  not limited to placing infringing products into the stream of commerce under circumstances such

16  that each Defendant reasonably should have anticipated being subject to suit in this District. The

17  Court also has personal jurisdiction over each of the Defendants because the acts of patent

18  infringement alleged in this Complaint are aimed at this District and/or have effect in this District,

19  and Boa's causes of action arise directly from Defendants' contacts and other activities in the

20  State of Nevada and this District.

21       6.      For instance, Defendants have previously exhibited their products, including the

22  specific infringing products at issue in this Complaint, at the Interbike convention held at the

23  Mandalay Bay Convention Center, Las Vegas, NV, 89119, and have contracted again with

24  Interbike/Emerald Expositions, Inc. to obtain exhibit space at the upcoming Interbike convention,

25  to be held September 10-12, 2014, also at the Mandalay Bay Convention Center in Las Vegas, as

26  shown in the attached **Exhibit A**. Upon information and belief, that contract was negotiated and is

27  to be performed, at least in part, in this State and this District.  Defendants have further conducted

28  significant business in the State of Nevada and this District through the use, sale, advertisement,

Snell & Wilmer
L.L.P.
LAW OFFICES
3883 Howard Hughes Parkway, Suite 1100
Las Vegas, Nevada 89169
702.784.5200

1   and/or offer for sale of various products in Nevada, including the specific infringing products at

2   issue in this Complaint, directly and/or through authorized physical and online retail outlets,

3   including but not limited to (i) the Interbike convention; (ii) authorized Northwave resellers (as

4   described on Northwave's interactive website northwave.com, as shown in **Exhibit B**); (iii)

5   hawleyusa.com, Hawley's fully interactive website, as shown in the attached **Exhibit C**; and (iv)

6   Hawley's West Coast Distribution Center located at 650 Vista Boulevard, Sparks, NV 89434.

7                                 **UNDERLYING FACTS**

8          7.     Boa is a global leader in the design, development, and production of closure

9   systems related to footwear, medical braces, and other equipment.

10         8.     Boa was founded in 1998 by Gary R. Hammerslag who is the named inventor on

11  U.S. Patent Nos. 5,934,599 and 6,202,953 (collectively, the "Patents-in-Suit").

12         9.     In 2001 and 2002, Boa's products entered the mainstream snow sport industry, and

13  some of the first boot systems featuring the Boa technology were produced by Vans, K2,

14  Northwave, and DC's snowboard divisions respectively.

15         10.    In 2003 and 2004, Boa moved into the cycling industry, and Northwave became

16  one of Boa's brand partners for its cycling footwear products for one season in 2005.

17         11.    In 2005, Boa expanded into the golf industry.  Boa's technology subsequently has

18  also been integrated into numerous other products, including but not limited to, trail running

19  shoes, winter boots, hiking boots, hunting boots, and work boots.

20         12.    In 2011, Boa founded its Medical Business Unit, which was opened in order to

21  facilitate additional partnerships with respect to medical technologies, including orthopedic and

22  prosthetic devices.

23         13.    By 2012, Boa technology was used in one third of the world's snowboard boots

24  and more than 70 riders in the Tour de France wore shoes utilizing Boa technology.

25         14.    On April 2, 2012, Vincent Connolly, Boa's Global Category Manager, had a

26  conference call with Alessandro Manzato, Northwave's Research and Development Manager, in

27  which they discussed expanding Boa and Northwave's partnership.  Mr. Connolly followed up

28  with an email to Mr. Manzato on April 4, 2012, continuing their previous discussion and offering

Snell & Wilmer
L.L.P.
LAW OFFICES
3883 Howard Hughes Parkway, Suite 1100
Las Vegas, Nevada 89169
702.784.5200

to send prototypes of Boa's closure systems for Northwave's internal testing.   Included with this email was Boa's Brand Overview for 2011, which specifically referenced "Boa Technology's patented high performance closure system" and "the award-winning, patented Boa Closure System," as shown in **Exhibit D**.   The Brand Overview also put Northwave on notice of Boa's "32 patents issued and pending worldwide" at that time, also shown in **Exhibit D**.

15.     On June 7, 2012, the parties continued their discussions during a meeting at Northwave's offices in Italy.   Present at this meeting were Mr. Connolly, Jeff Woodward (Boa's Regional Account Manager), Michele Battocchio (Northwave's Chief Operating Officer), and Walter Comazzetto (Northwave's Bike Product and Production Manager).   During this meeting, Boa's proprietary and patented closure systems were discussed, including footwear prototypes being tested by Northwave using a Boa closure system.

16.     Mr. Connolly corresponded further with Messrs. Battocchio, Comazzetto, and Manzato on June 15, 2012.   In that correspondence, Mr. Connolly further discussed incorporation of Boa's closure systems in Northwave's snowboard and cycling products.   Also attached to this correspondence was Boa's Brand Overview for 2011 (shown in **Exhibit D**), which expressly referenced "Boa Technology's patented high performance closure system," "the award-winning, patented Boa Closure System," and Boa's "32 patents issued and pending worldwide" at that time.

17.     In early December 2012, Northwave introduced a winter cycling footwear product, which incorporated a Boa closure system, to its international distributors.

18.     Boa and Northwave met again on December 10, 2012, at Northwave's offices in Italy.   Messrs. Manzato, Comazzetto, and Battocchio again attended on behalf of Northwave. The parties continued discussing incorporation of Boa's proprietary and patented closure system in new Northwave cycling footwear products.

19.     On April 3, 2013, the parties held another meeting at Northwave's office in Italy. Mr. Hammerslag, Boa's founder and the named inventor on the Patents-in-Suit, met with Gianni Piva (Northwave's owner), along with Messrs. Battocchio, Comazzetto, and Manzato. ///

Snell & Wilmer
L.L.P.
LAW OFFICES
3883 Howard Hughes Parkway, Suite 1100
Las Vegas, Nevada 89169
702.784.5200

1  The parties continued to discuss incorporation of Boa's proprietary and patented closure system

2  in new Northwave cycling and snowboard footwear products.

3        20.     Mr. Connolly continued these discussions on a telephone call with Mr. Comazzetto

4  on April 26, 2013, and subsequently sent a proposal to Mr. Comazzetto on April 28, 2013,

5  regarding the parties' continued partnership in the cycling and snowboarding industries.  This

6  proposal included a plan for all future Northwave product lines using a dial closure system to

7  incorporate Boa's proprietary and patented closure system.

8        21.     The parties met again on June 18, 2013, at Northwave's office in Italy.  Messrs.

9  Hammerslag and Connolly represented Boa at the meeting, along with Noah Schum (Boa's

10  Regional Account Manager).   Messrs. Battocchio and Comazzetto were in attendance for

11  Northwave.   At the meeting, Northwave indicated that it would continue to use its own

12  proprietary dial closure system for nearly all its cycling footwear products and that Northwave

13  would only use Boa's closure system for one winter cycling footwear product.  This decision by

14  Northwave foreclosed a potential partnership with Boa, and subsequent discussions have not

15  altered the status between the two companies.

## FIRST CLAIM FOR RELIEF

### (Infringement of U.S. Patent No. 5,934,599)

18        22.     Boa repeats and incorporates by reference each and every allegation contained in

19  the preceding paragraphs.

20        23.     Boa is the owner by assignment of U.S. Patent No. 5,934,599 (the "'599 Patent"),

21  entitled "Footwear Lacing System," filed on August 22, 1997, and issued on August 10, 1999, to

22  Gary R. Hammerslag.  A true and correct copy of the '599 Patent is attached hereto as **Exhibit E.**

23        24.     Defendants are making, using, offering to sell, selling and/or importing into the

24  United States footwear products, including but not limited to the Northwave Extreme Tech Plus

25  product depicted in the attached **Exhibit F**, that infringe one or more claims of the '599 Patent.

26        25.     Defendants also have actively induced and continue to actively induce

27  infringement of the '599 Patent under 35 U.S.C. § 271(b) by instructing, assisting, encouraging,

28  and/or otherwise inducing others, including but not limited to authorized resellers and customers,

Snell & Wilmer
L.L.P.
LAW OFFICES
3883 Howard Hughes Parkway, Suite 1100
Las Vegas, Nevada 89169
702.784.5200

1    to use, sell, offer to sell, and/or import into the United States products that infringe one or more

2    claims of the '599 Patent, including but not limited to the Northwave Extreme Tech Plus line of

3    footwear products.

4           26.    Defendant Northwave became aware of the '599 Patent on or around March 23,

5    2009, if not earlier.  On or around that date, Defendant Northwave received an international prior

6    art  search  report  in  conjunction  with  Northwave's  International  Application  Number

7    PCT/EP2008/066089, entitled "A Closing Device for an Item of Sports Footwear," which was

8    subsequently published as WO 2009/068503 A1.  That search report expressly cites application

9    EP1421867, filed by Bencom S.r.l. on November 24, 2003, entitled "Shoe with Improved Closure

10   Device," which in turn expressly cites the '599 Patent.

11          27.    Defendant Northwave also gained knowledge of the '599 Patent through its

12   meetings and communications with Boa.  During these meetings and communications, Boa

13   collaborated with Defendant Northwave in developing products involving Boa's patented closure

14   system.  In particular, on April 2, 2012, Boa sent Northwave a presentation which specifically

15   referenced "Boa Technology's patented high performance closure system" and "the award-

16   winning, patented Boa Closure System," and explicitly put Northwave on notice of Boa's "32

17   patents issued and pending worldwide," which included the '599 Patent.

18          28.    In light of and despite its knowledge of the Patents-in-Suit, Defendant Northwave

19   instructed, assisted, encouraged, and/or otherwise induced others, and continues to induce others,

20   including Defendant Hawley and Northwave's authorized resellers, to use, sell, offer to sell,

21   and/or import into the United States, products that infringe one or more claims of the '599 Patent,

22   including but not limited to the Northwave Extreme Tech Plus line of footwear products, with

23   knowledge that the induced acts constitute infringement of the '599 patent and with the intent that

24   others, including Defendant Hawley and Northwave's authorized resellers, infringe the '599

25   Patent by using, selling, offering to sell, and/or importing into the United States infringing

26   products.

27          29.    Upon information and belief, as Northwave's exclusive distributor in the United

28   States, Defendant Hawley also induces infringement of the '599 Patent by instructing, assisting,

Snell & Wilmer
—— L.L.P. ——
LAW OFFICES
3883 Howard Hughes Parkway, Suite 1100
Las Vegas, Nevada  89169
702.784.5200

1   encouraging and/or otherwise inducing others, including resellers and other customers, to directly

2   infringe the '599 Patent by using, selling, and/or offering to sell products that infringe one or

3   more claims of the '599 Patent, with knowledge that the induced acts constitute infringement of

4   the '599 Patent.

5        30.    Upon information and belief, Defendants' infringement of the '599 Patent has

6   been willful and deliberate, entitling Boa to increased damages under 35 U.S.C. § 284 and

7   rendering this case "exceptional" within the meaning of 35 U.S.C. § 285.

8        31.    The infringement of the '599 Patent by Defendants will continue unless enjoined

9   by this Court.

10       32.    The infringing activities by Defendants have caused and will continue to cause

11  irreparable injury to Boa for which there exists no adequate remedy at law.

## SECOND CLAIM FOR RELIEF

### (Infringement of U.S. Patent No. 6,202,953)

14       33.    Boa repeats and incorporates by reference each and every allegation contained in

15  the preceding paragraphs.

16       34.    Boa is the owner by assignment of U.S. Patent No. 6,202,953 (the "'953 Patent"),

17  entitled "Footwear Lacing System," filed on June 22, 1999, and issued on March 20, 2001, to

18  Gary R. Hammerslag.  A true and correct copy of the '953 Patent is attached hereto as **Exhibit G.**

19       35.    Defendants are making, using, offering to sell, selling and/or importing into the

20  United States footwear products, including but not limited to the Northwave Extreme Tech Plus

21  product depicted in the attached **Exhibit F**, that infringe one or more claims of the '953 Patent.

22       36.    Defendants also have actively induced and continue to actively induce

23  infringement of the '953 Patent under 35 U.S.C. § 271(b) by instructing, assisting, encouraging

24  and/or otherwise inducing others, including but not limited to authorized resellers and customers,

25  to use, sell, offer to sell, and/or import into the United States products that infringe one or more

26  claims of the '953 Patent, including but not limited to the Northwave Extreme Tech Plus line of

27  footwear products.

28  ///

Snell & Wilmer
L.L.P.
LAW OFFICES
3883 Howard Hughes Parkway, Suite 1100
Las Vegas, Nevada 89169
702.784.5200

19906119                                    -7-

37.     Defendant Northwave became aware of the '953 Patent on or around March 23, 2009, if not earlier.  On or around that date, Defendant Northwave received an international prior art search report in conjunction with Northwave's International Application Number PCT/EP2008/066089, entitled "A Closing Device for an Item of Sports Footwear," which was subsequently published as WO 2009/068503 A1.  That search report expressly cites application EP1421867, filed by Bencom S.r.l. on November 24, 2003, entitled "Shoe with Improved Closure Device," which in turn expressly cites the '953 Patent.

38.     Defendant Northwave also gained knowledge of the '953 Patent through its meetings and communications with Boa.  During these meetings and communications, Boa collaborated with Defendant Northwave in developing products involving Boa's patented closure system.  In particular, on April 2, 2012, Boa sent Northwave a presentation which specifically referenced "Boa Technology's patented high performance closure system" and "the award-winning, patented Boa Closure System," and explicitly put Northwave on notice of Boa's "32 patents issued and pending worldwide," which included the '953 Patent.

39.     In light of and despite its knowledge of the Patents-in-Suit, Defendant Northwave instructed, assisted, encouraged, and/or otherwise induced others, and continues to induce others, including Defendant Hawley and Northwave's authorized resellers, to use, sell, offer to sell, and/or import into the United States, products that infringe one or more claims of the '953 Patent, including but not limited to the Northwave Extreme Tech Plus line of footwear products, with knowledge that the induced acts constitute infringement of the '953 patent and with the intent that others, including Defendant Hawley and Northwave's authorized resellers, infringe the '953 Patent by using, selling, offering to sell, and/or importing into the United States infringing products.

40.     Upon information and belief, as Northwave's exclusive distributor in the United States, Defendant Hawley also induces infringement of the '953 Patent by instructing, assisting, encouraging, and/or otherwise inducing others, including resellers and other customers, to directly infringe the '953 Patent by using, selling, and/or offering to sell products that infringe

Snell & Wilmer
L.L.P.
LAW OFFICES
3883 Howard Hughes Parkway, Suite 1100
Las Vegas, Nevada 89169
702.784.5200

one or more claims of the '953 Patent, with knowledge that the induced acts constitute infringement of the '953 Patent.

41. Upon information and belief, Defendants' infringement of the '953 Patent has been willful and deliberate, entitling Boa to increased damages under 35 U.S.C. § 284 and rendering this case "exceptional" within the meaning of 35 U.S.C. § 285.

42. The infringement of the '953 Patent by Defendants will continue unless enjoined by this Court.

43. The infringing activities by Defendants have caused and will continue to cause irreparable injury to Boa for which there exists no adequate remedy at law.

## DEMAND FOR JURY TRIAL

44. Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Boa demands a trial by jury on all issues triable by a jury.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Boa requests that judgment be entered in its favor and against Defendants as follows:

A. Declaring that Defendants have infringed the Patents-in-Suit;

B. Enjoining Defendants, their officers, agents, subsidiaries and employees, and those in privity or in active concert with them, from further activities that constitute infringement of the Patents-in-Suit both within the State of Nevada and across the United States;

C. Awarding Boa damages in an amount sufficient to compensate it for Defendants' infringement of the Patents-in-Suit, and ordering that an accounting be had for reasonable royalties and/or other damages arising out of Defendants' infringement of the Patents-in-Suit, together with costs, prejudgment, and post-judgment interest;

D. Treble the damages awarded under 35 U.S.C. § 284 by reason of Defendants' willful infringement of the Patents-in-Suit;

E. Declaring this case to be "exceptional" under 35 U.S.C. § 285 and awarding Boa its attorney fees, expenses, and costs incurred in this action; and

///

Snell & Wilmer
L.L.P.
LAW OFFICES
3883 Howard Hughes Parkway, Suite 1100
Las Vegas, Nevada 89169
702.784.5200

F.    Awarding Boa such other costs and further relief as the Court deems just and proper.

Dated: August 15 , 2014

SNELL & WILMER L.L.P.

By: _____

Paul Swen Prior, Esq.
Charles E. Gianelloni, Esq.
3883 Howard Hughes Parkway, Suite 1100
Las Vegas, Nevada  89169

*Attorneys for Plaintiff*
*BOA Technology, Inc.*

Snell & Wilmer
L.L.P.
LAW OFFICES
3883 Howard Hughes Parkway, Suite 1100
Las Vegas, Nevada  89169
702.784.5200

19906119

-10-